IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| HERMES CONSOLIDATED, INC.,<br>Doing Business As Wyoming Refining Company,<br><br>Plaintiff,<br>vs.<br><br>THE UNITED STATES,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | No. 02-1460C<br>(Judge Block) |

**PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION TO STAY**

Plaintiff, Hermes Consolidated, Inc., doing business as Wyoming Refining Company ("Hermes"), respectfully submits its Opposition to Defendant's Motion to Stay. For the reasons set forth below, Defendant's motion should be denied.

At Defendant's behest, the parties have devoted substantial time, effort and resources over the last year in briefing and arguing Defendant's Motion to Dismiss. Presumably, the Court, too, has now devoted substantial efforts toward completing a decision on Defendant's motion. Defendant's unilateral request to stay the case on the eve of what Wyoming assumes would otherwise be the Court's forthcoming decision appears to be little more than a transparent attempt by Defendant to avoid a ruling on its motion.[1] Wyoming submits that both the interests of justice and the institutional interests of the Court support issuance of a decision on Defendant's motion. Issuance of such a decision would be valuable to the parties and would provide a broader context for the military fuels litigation should appeals be filed of the recently issued decisions in *La Gloria Oil and Gas Company v. United States*, No. 02-465C (Fed. Cl.

[1] It is the fact that Defendant's motion has been fully briefed and argued and that a decision presumably is otherwise imminent which distinguishes this case from other similarly situated military fuels cases wherein stays have been entered.

Aug. 28, 2006), and *ConocoPhillips v. United States*, No. 02-1367C (Fed. Cl. Sept. 12, 2006). *See generally In re Memorial Hospital of Iowa County, Inc.*, 862 F.2d 1299, 1302 (7th Cir. 1988) (stating in response to an analogous request to vacate a previously issued decision "When a clash between genuine adversaries produces a precedent [here an imminent precedent] . . ., the judicial system ought not to allow the social value of the precedent, created at a cost to the public and other litigants, to be a bargaining chip . . . . The precedent, a public act of a public official, is not the parties' property").[2]

For the forgoing reasons, Wyoming respectfully requests that Defendant's Motion to Stay be denied.

Respectfully submitted,

s/ J. Keith Burt
J. Keith Burt
Mayer, Brown, Rowe & Maw
1909 K Street, N.W.
Washington, D.C. 20006
(202) 263-3208 (Phone)
(202) 263-5208 (Fax)

Attorneys for Plaintiff,
Hermes Consolidated, Inc.,
Doing Business As
Wyoming Refining Company

[2] While a stay may be appropriate following issuance of a decision on Defendant's Motion to Dismiss, inasmuch as any future proceedings would involve largely new undertakings by the parties and the Court, Wyoming submits that such a stay is currently premature.

*Of Counsel:*

Adrian L. Steel, Jr.
Mayer, Brown, Rowe & Maw
1909 K Street, N.W.
Washington, DC 20006

September 27, 2006